IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**ROBERT MICHAEL LEWIS,**

      **Plaintiff,**

v.                                              CIVIL ACTION NO. 1:24-CV-58
                                                                  (KLEEH)

**D.S. KRAEMER, individually and in his
capacity as a police officer with the
Harrison County Sheriff Department, and
JOHN DOE(S),**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR REMAND [ECF NO. 5] AND
GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 3]**

Pending before the Court is Plaintiff's Motion to Remand [ECF No. 5] and Defendant's Motion to Dismiss [ECF No. 3]. For the reasons discussed herein, the Motion to Remand is **DENIED**, and the Motion to Dismiss is **GRANTED**.

### I. INTRODUCTION AND PROCEDURAL HISTORY

This case arises out of Plaintiff, Robert Michael Lewis's arrest during a traffic stop in Harrison County. ECF No. 1-5, at ¶ 5. Plaintiff filed his Amended Complaint in the Circuit Court of Harrison County, West Virginia on or about May 21, 2024. Id. at 2. Deputy Kraemer removed Plaintiff's Amended Complaint to the Northern District of West Virginia on June 12, 2024, pursuant to 28 U.S.C. § 1446(d). ECF No. 1.

Plaintiff absurdly challenges the propriety of removal. Removal is appropriate when a "civil action [is] brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. Federal courts have subject matter jurisdiction over cases where a "federal statute creates the cause of action" so that the case "arise[s] under" federal law. Childers v. Chesapeake & Potomac Tel. Co., 881 F.2d 1259, 1261 (4th Cir. 1989); Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). Here, Plaintiff brings multiple claims pursuant to 42 U.S.C. § 1983 and the United States Constitution. See generally ECF No. 1-5. Even the most cursory review of Plaintiff's Amended Complaint confirms as much. Although Plaintiff initially disclaims any 42 U.S.C. § 1983 claim in Count I (ECF No. 1-5 at ¶10), Count II is literally titled 42 U.S.C. § 1983 and (incorrectly)[1] cites the same statute requesting attorney's fees. Id. at ¶23. As such, this Court clearly has jurisdiction because the case arises under federal law, and Plaintiff's Motion to Remand is **DENIED** [ECF No. 5].

The Court would be remiss if it did not address the lack of any basis – legal or otherwise – in the Motion to Remand. Although the face of Plaintiff's Amended Complaint obviously bestows

---

[1] The appropriate vehicle for an award of attorney's fees for prevailing plaintiffs in 42 U.S.C. § 1983 actions is 42 U.S.C. § 1988.

2

original jurisdiction upon this Court making Defendants' removal proper, Plaintiff makes a nonsensical request that this matter somehow be severed with the State constitutional claims BEING remanded to the circuit court while the claims asserted pursuant to federal statute remain before this Court. ECF No. 5 at 1.[2] Plaintiff claims "State Constitutional have been kept in State Court traditionally thus out of the Federal Court system as a matter of practice." Id. This argument is as baseless as it is irrelevant to the propriety of Defendants' removal. Plaintiff's claim that efficiency is served with a remand of all claims is likewise without merit and ignores basic jurisdictional and procedural law and principles.

Plaintiff then points to the lack of medical bills or other tangible damages as being insufficient to satisfy the amount in controversy — which of course is wholly irrelevant to federal question jurisdiction. Compare 28 U.S.C. § 1331 with 28 U.S.C. § 1332. The Court is struck by the patently frivolous and nonsensical nature of this remand request. Although the Court has the rule, statutory, and inherent authority to sanction such a filing, it declines, at this time, to undertake the requisite sanctions analysis or procedure. See Balcar v. Bell and Associates, LLC,

---

[2] Citation to a specific page is unnecessary as Plaintiff's Motion to Remand consists of one page with two-numbered paragraphs. This Court has never seen such brevity in a motion challenging jurisdiction.

3

295 F. Supp.2d 635 (N.D.W. Va. 2010) (Stamp, J.) (summarizing sanctions options available to district courts). Counsel is advised not to test the Court's patience with such sanctionable submissions in the future.

Defendant filed his Motion to Dismiss and the accompanying Memorandum of Law in Support of his Motion to Dismiss on June 18, 2024. [ECF Nos. 3 & 4]. Under Rule 7.02(b) of the Local Rules of Civil Procedure for the United States District Court for the Northern District of West Virginia, a party has fourteen (14) days from the service of a motion to file a response memorandum. L.R. CIV. P. 7.02(b). The deadline for Plaintiff to respond to Deputy Kraemer's Motion to Dismiss was Tuesday, July 2, 2024. However, Plaintiff did not respond to the Motion to Dismiss. Defendant subsequently filed a reply in support of his Motion to Dismiss Plaintiff's Amended Complaint on July 22, 2024. ECF No. 7.

## II. FACTUAL BACKGROUND

On or about February 29, 2024, Plaintiff Robert Michael Lewis ("Lewis" or "Plaintiff") was arrested by Defendant Deputy D.S. Kraemer ("Kraemer" or "Defendant") during a traffic stop in Harrison County, West Virginia. ECF No. 1-5, at ¶¶ 5-6. Plaintiff alleges he "was wrongfully arrested," then "violently tackled to the ground," "placed in handcuffs and leg shackles," and "dragged for a distance then picked up by the legs and arms by multiple officers and placed in a van." Id. at ¶ 8. Plaintiff alleges that

4

he was transported to the North Central Regional Jail, where he "sat in a [cell] handcuffed and shackled for multiple hours." Id. at ¶ 8.

As a result of his arrest, Plaintiff brought action for several claims. See id. In Count I, Plaintiff brings a "State Constitutional Violations" claim pursuant to Article III, §§ 1, 5, 6, and 10 of the West Virginia Constitution. Id. at ¶¶ 9-16. In Count II, Plaintiff brings multiple claims pursuant to 42 U.S.C. § 1983. Id. at ¶¶ 17-24. In Count III, Plaintiff alleges Defendant battered him during the alleged arrest. Id. at ¶¶ 25-28. In Count IV, Plaintiff alleges Defendant was negligent. Id. at ¶¶ 29-32. Finally, in Count V, Plaintiff alleges "other tort" citing that Defendant's conduct caused him "emotional distress, mental anguish, humiliation, embarrassment, loss of self-confidence, and trust and economic loss." Id. at ¶¶ 33-37. Defendant now moves to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 3.

### III. LEGAL STANDARD

Rule 12(b)(6) allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (citations

omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Dismissal is appropriate only if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of his claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

**IV. DISCUSSION**

To date, Plaintiff has not responded to Defendant's Motion to Dismiss. Courts have authority to dismiss an action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with court orders. See Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084, (1990). However, a party's failure to respond to a motion to

dismiss "does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." Panico v. City of Westover, No. 1:21-CV-96, 2022 WL 989120, at *3 (N.D.W. Va. Mar. 31, 2022) (citing Pomerleau v. W. Springfield Pub. Schs., 362 F.3d 143, 145 (1st Cir. 2004) (internal quotation marks and citation omitted). As such, upon examination of the Complaint, this Court **GRANTS** Defendant's Motion to Dismiss for the following reasons.

### A. COUNT I—STATE CONSTITUTIONAL VIOLATIONS

In Count I, Plaintiff alleges the actions of Deputy Kraemer "violated the constitutional rights guaranteed to [him] under Article III, §§ 1, 5, 6, and 10 of the West Virginia Constitution." ECF No. 1-5, at ¶ 11. Specifically, Plaintiff alleges Defendant violated these rights "by using excessive and wrongful force during the time the Plaintiff was being wrongfully detained." ECF No. 1-5, at ¶ 14.

Article III, Section 1, Bill of Rights, of the West Virginia Constitution provides that:

> "All men are, by nature, equally free and independent, and have certain inherent rights, of which, when they enter into a state of society, they cannot, by any compact, deprive or divest their posterity, namely: The enjoyment of life and liberty, with the means of acquiring and possessing property, and of pursuing and obtaining happiness and safety."

7

W. Va. Const. art. III, § 1. Article III, Section 1 of the West Virginia Constitution, "'is a statement of the basic principle on which our entire democratic structure is founded,' and has not been applied in circumstances such as these [wrongful arrest and excessive force claims]." Spry v. W. Virginia, No. 2:16-CV-01785, 2017 WL 440733, at *10 (S.D.W. Va. Feb. 1, 2017) (citations omitted).

Article III, Section 6 of the West Virginia Constitution protects the rights of citizens "to be secure in their houses, persons, papers and effects, against unreasonable searches and seizures . . . except upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, or the person or thing to be seized." W. Va. Const. art. III, § 6. West Virginia does not recognize a private right of action for monetary damages for a violation of Article III, Section 6 of the West Virginia Constitution. Fields v. Mellinger, 244 W. Va. 126 (2020).

Article III, Section 10 of the West Virginia Constitution provides "No person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers." W. Va. Const. art. III, § 10. There is "no separate cause of action for excessive force by police officers during the course of arrest within the plain language of Article III, Section 10."

8

<u>Stepp v. Cottrell on behalf of Est. of Cottrell</u>, 246 W. Va. 588, 594-95 (2022).

While it is currently unclear as to whether Article III, Section 5 — "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted" — may be used to pursue a private action in West Virginia,[3] this Court finds that there are insufficient facts in the Amended Complaint to state a claim upon which relief can be granted. W. Va. Const. art. III, § 5. Plaintiff does not allege any facts which would support Plaintiff suffered from excessive bail, cruel and unusual punishment, or the like as prohibited in Article III, Section 5. Further, Plaintiff's failure to respond to Defendant's Motion to Dismiss further fails to remedy these insufficiencies.

Therefore, Defendant's Motion is **GRANTED** [ECF No. 3] as it pertains to Count I and Plaintiff's claims under Article III, § 1, 5, 6, and 10 of the West Virginia Constitution are hereby **DISMISSED**.

**B. COUNT II—42 U.S.C. SECTION 1983**

As detailed below, Plaintiff fails to sufficiently allege a proper claim in Count II of his Amended Complaint.

---

[3] <u>See</u> <u>Cummings v. City of Wheeling, W. Virginia</u>, No. 5:19CV271, 2019 WL 6609693, at *5 (N.D.W. Va. Dec. 5, 2019) (noting that the Court intends to certify the question to the West Virginia Supreme Court if Plaintiffs continue to proceed against Defendants under this theory of liability).

### 1. Plaintiff Failed to Allege Sufficient Facts to State a Fourth Amendment Violation for Either False Imprisonment or Malicious Prosecution.

Plaintiff alleges several federal constitutional claims in Count II, including a violation under the Fourth Amendment to the United States Constitution. ECF No. 1-5, at ¶¶ 17-24. Plaintiff fails to plausibly state a claim for wrongful arrest or malicious prosecution under the Fourth Amendment.

Under the Fourth Amendment, every search or seizure must be reasonable, and a search or seizure is, generally, unreasonable unless it is based upon probable cause and executed pursuant to a warrant. U.S. CONST. Amend. IV. To plausibly allege "false arrest," a plaintiff must allege sufficient factual content showing he was arrested without probable cause. Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002). Probable cause is determined "from the totality of the circumstances known to the officer at the time of the arrest," and "need only be enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed; evidence sufficient to convict is not required." Id. (citations omitted). Similarly, to prove a "malicious prosecution" claim under the Fourth Amendment, a plaintiff must plausibly allege the officer: (1) caused a seizure of plaintiff; (2) unsupported by probable cause; and (3) criminal proceedings terminated in plaintiff's favor. Evans v. Chalmers, 703 F.3d 636, 646 (4th Cir. 2012) (citation omitted).

Here, Plaintiff fails to allege he was arrested without probable cause in violation of his Fourth Amendment rights. Plaintiff states he was "arrested during a traffic stop in Harrison County whereby he was sitting in the front passenger seat" when the driver was arrested for DUI. ECF No. 1-5. at ¶ 5. He later states he was "wrongfully arrested by D.S. Kraemer and other John Doe Defendants for obstruction." Id. at ¶ 8. Plaintiff does not provide a factual basis to support any claim that Defendant lacked probable cause, beyond mere legal conclusions. Similarly, there is no indication in the Complaint that the criminal proceedings against Plaintiff terminated in his favor. Accordingly, Plaintiff fails to allege sufficient facts to state a claim for wrongful arrest or malicious prosecution under the Fourth Amendment and such claims are **DISMISSED**.

> **2. Plaintiff Failed to Allege Sufficient Facts to Support an Eighth Amendment Claim within Count II Because He Does Not Allege Any Factual Content Showing He Was Incarcerated Pursuant to a Conviction.**

Plaintiff additionally includes within Count II, alleged violations under the Eighth Amendment to the United States Constitution. ECF No. 1-5, at ¶¶ 17-24. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. Amend. VIII.

The analysis of an excessive force claim brought pursuant to § 1983, "begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham v. Connor, 490 U.S. 386, 394 (1989). "In most instances, that will be either the Fourth Amendment's prohibition against unreasonable seizures of the person, or the Eighth Amendment's ban on cruel and unusual punishments, which are the two primary sources of constitutional protection against physically abusive governmental conduct." Id. "[T]he key to this determination is [the plaintiff's] status at the time of the use of force." United States v. Cobb, 905 F.2d 784, 788 (4th Cir. 1990). In other words, the Fourth Amendment protects an arrestee from the excessive use of force to effect an arrest, while a convict derives protection from such abuse while incarcerated from the Eighth Amendment. Graham, 490 U.S. at 394 ("Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment . . ."); Cobb, 905 F.2 at 788 n.7. At the time at issue in Plaintiff's Complaint, Plaintiff was neither incarcerated, nor post adjudication.

Because Plaintiff does not allege there was any formal adjudication of guilt, Plaintiff's Eighth Amendment claim contained within Count II is **DISMISSED** for failure to state a claim upon which relief can be granted.

### 3. Plaintiff Fails to Allege a Fourteenth Amendment Claim Because He Does Not Allege Constitutionally Impermissible Punishment.

Plaintiff alleges he was transported to the North Central Regional Jail where he was "handcuffed and shackled for multiple hours." ECF No. 1-5, at ¶ 8. Accordingly, because of his alleged status as a pretrial detainee at the time of this allegation, Plaintiff attempts to allege a Fourteenth Amendment claim.

"In evaluating the constitutionality of the conditions or restrictions of pretrial detention... the proper inquiry is whether those conditions amount to punishment of the detainee." Bell v. Wolfish, 441 U.S. 520, 535(1979). Under the Due Process Clause, "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Id. To plausibly state a Fourteenth Amendment violation regarding a pretrial detainee, a plaintiff must allege a particular condition or restriction of his confinement was constitutionally impermissible punishment. "[T]he pretrial detainee must show either that it was (1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective, in which case an intent to punish may be inferred." Short v. Hartman, 87 F.4th 593, 606 (4th Cir. 2023), cert. denied, 144 S. Ct. 2631, 219 L. Ed. 2d 1269 (2024) (citations omitted).

Here, Plaintiff only alleges that he was transported to the North Central Regional Jail, and he sat handcuffed and in leg

13

shackles for several hours. ECF No. 1-5, at ¶ 8. These facts, if true, do not rise to the level of a constitutionally impermissible punishment. See Brown v. Gilmore, 278 F.3d 362, 369 (4th Cir. 2002) (noting "a standard procedure such as handcuffing would rarely constitute excessive force where the officers were justified . . . in effecting the underlying arrest").

Further, it is unclear from Plaintiff's Complaint whether Defendant was even present at the jail when Plaintiff was handcuffed, and if such treatment could be attributed to him. Accordingly, Plaintiff has failed to state a Fourteenth Amendment claim arising from his status as a pretrial detainee and this claim is **DISMISSED**.

For the reasons stated above, Defendant's Motion to Dismiss [ECF No. 3] is **GRANTED** as it pertains to Count II.

### C. COUNT III—BATTERY

Plaintiff's Count III for Battery was not addressed in Defendant's Motion to Dismiss and therefore remains an active claim.

### D. COUNT IV—NEGLIGENCE

To state a negligence claim in West Virginia, a plaintiff must allege facts that establish: (1) [a] duty which the defendant owes him; (2) [a] negligent breach of that duty; (3) injuries received thereby, resulting proximately from the breach of that duty." Wheeling Park Comm'n v. Dattoli, 237 W. Va. 275, 280 (2016)

14

(citations omitted). "[A] mere allegation of negligence does not turn an intentional tort into negligent conduct." Ammirante v. Ohio Cnty. Bd. Educ., No. 5:19CV12, 2019 WL 5295188, at *6 (N.D. W. Va. Oct. 18, 2019) (citing Weigle v. Pifer, 139 F. Supp. 3d 760, 780 (S.D. W. Va. 2015) (finding that defendant officers alleged intended consequences during plaintiff's arrest gave rise to an intentional tort but could not support liability predicated on negligence)).

Here, Plaintiff alleges Deputy Kraemer arrested him for obstruction after pulling over a driver and arresting her for DUI. ECF No. 1-5, at ¶5, 8. Plaintiff alleges Deputy Kraemer "dragged" Plaintiff "for a distance then picked [him] up by the legs and arms" with other unnamed Defendants and "placed [him] in a van." Id. at ¶ 8. No allegation within the Plaintiff's Amended Complaint [ECF No. 1-5] alleges that Defendant's actions were unintentional or negligent. See id. Therefore, Count IV of Plaintiff's Amended Complaint is **DISMISSED** and Defendant's Motion to Dismiss is **GRANTED** as to Count IV.

### E. COUNT V—OTHER TORT

In Count V, Plaintiff brings a claim for "Other Tort," wherein he alleges that Defendant's "unprovoked and unjustified attack on Plaintiff was atrocious, intolerable, and so extreme and outrageous that it exceeded the bounds of decency." Id. at ¶ 35.

15

While the tort of intentional infliction of emotional distress ("IIED") is not specified, Plaintiff seems to be pursuing them through this section. The elements for an IIED claim are:

> (1) conduct by the defendant which is atrocious, utterly intolerable in a civilized community, and so extreme and outrageous as to exceed all possible bounds of decency;
>
> (2) the defendant acted with intent to inflict emotional distress or acted recklessly when it was certain or substantially certain such distress would result from his conduct;
>
> (3) the actions of the defendant caused the plaintiff to suffer emotional distress; and
>
> (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Travis v. Alcon Lab'ys, Inc., 202 W. Va. 369, 375 (1998) (citation omitted). Here, to the extent Plaintiff brings an IIED claim, the claim fails. Plaintiff's pleadings must "allow[] the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. At bottom, Plaintiff's factual content and legal conclusions—taken as true—fail to allow the court to draw these reasonable conclusions. Additionally, Plaintiff has not placed Defendant on notice of his claim through a "short and plain statement" of the claim that is being alleged as required by Rule 8 of the Federal Rules of Civil Procedure. See

Fed. R. Civ. P. 8. As such, Defendant's Motion to Dismiss [ECF No. 3] is **GRANTED** as to Plaintiff's "Other Tort" claim and Count V is **DISMISSED**.

### F. PUNITIVE DAMAGES

Plaintiff brings both federal and state law claims against Deputy Kraemer in both his individual and official capacities. ECF No. 1-5. Pursuant to these claims, Plaintiff requests punitive damages as a form of relief. Id.

West Virginia Code § 29-12A-7(a) prohibits the recovery of punitive damages against a political subdivision employee sued in an official capacity but does not prohibit the recovery of punitive damages against a political subdivision employee sued in an individual capacity. Monongalia Cnty. Comm'n v. Stewart, No. 22-765, 2024 WL 4784676, at *2 (W. Va. Nov. 14, 2024). Here, Plaintiff's Complaint is brought against Deputy Kraemer in his official capacity as a deputy for the Harrison County Sheriff's Department. As such, Plaintiff cannot maintain a claim for punitive damages against Defendant in his official capacity.

### V. CONCLUSION

For the reasons discussed herein, the Court **DENIES** Plaintiff's motion to remand [ECF No. 5] and **GRANTS** Defendant's motion to dismiss [ECF No. 3]. Count III for Battery in Plaintiff's Amended Complaint [ECF No. 1-5] remains.

It is so **ORDERED**.

The Clerk shall transmit copies of this Memorandum Opinion and Order to counsel of record by electronic means.

Dated: March 19, 2025

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA